```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------X
TYHEEM ALLAH a/k/a TYHEEM KEESH,
#90-B-0548,
                                              04 CV 0271
           Plaintiff,
                                          Prisoner Civil Rights
    vs.                                   Complaint Pursuant To
                                          42 U.S.C. §§ 1983 & 1985
GLENN S. GOORD; DONALD SELSKY;
T. SCHOELLKOPT; THOMAS G. EAGEN;          JURY TRIAL DEMANDED
GEORGE E. PATAKI; EDWARD R. DONNELLY;
EKPE D. EKPE; GIRARD MONAHAN;
MARTIN KEARNEY; EDWIN MENDEZ;
J. BALL; D. HATFIELD; KEN KIELISZEK;
FRANK J. CLARK; JOHN/JANE DOE(s),

           Defendants.
----------------------------------------X
```

Plaintiff in the above-captioned action, alleges as follows:

## JURISDICTION

### I. PREVIOUS LAWSUITS

A. I have not begun any action in state or federal court dealing with the same facts involved in this action, with the exception of IV (H & Zx) infra.

B. Presently I have an action in the Southern District of New York dealing with my imprisonment, of which the issues are similar to the issues stated herein.

1. In that action I am the plaintiff and the defendants are: Charles Greiner; K. Perlman; Gail Haponik; Jeff McKoy; W. Totten; R. Morton; Sally Kaplan; D. Ayyotte; George Schneider; Donald Selsky; Glenn S. Goord; Thomas G. Eagen; and Theresa Knapp-David.

2. The Judge in that action is Hon. Naomi Reice Buchwald.

3. The docket number is 03-CV-3789.

4. I filed that action on April 23, 2003.

C. Presently I have an action in the Northern District of New York dealing with my imprisonment, of which the issues are similar to the issues stated herein.

1. In that action I am the plaintiff and the defendants are: Hans Walker; James Perkins; R. Ashby; Ronald F. Nelson; Jerry Morgan; Cheryl Parmiter; Gummerson; Marr; Letourneau; Harrison; Wilds; Edward A. Dann; Gamache; Rourke; Richard J. Cox; R. Smith; Donald Selsky; Anthony J. Annucci; Thomas G. Eagen; K. Bellamy; Glenn S. Goord; Edward R. Donnelly; Kearney; Hortek; Ball; Hatfield; and John Doe(s) (including First Dep. and Movement and Classification).

2. The Judge in this action is Hon. David R. Homer, U.S. Magistrate Judge.

3. The docket number is 9:02-CV-0175.

4. I filed this action on May 10, 2002.

D. I filed other actions but DOCS officials lost my property and I am not in possession of the paper work.

E. Also, I filed an action in the Southern District of New York around 1997 dealing with similar facts herein, it was dismissed, but the Second Circuit remanded it back to that Court, of which it is presently pending.

II. GRIEVANCE PROCEDURE

A. There was a grievance procedure at the prison but it was not ran in accordance to DOCS directives.

B. In every issue raised in this Complaint I filed a grievance and appeals in accordance to DOCS Grievance procedure.

Some grievances were ignored but I still filed appeals with the Superintendent and the Commissioner for each grievance in accordance to the Grievance Procedure.

### III. PARTIES TO THIS ACTION

A. TYHEEM ALLAH a/k/a TYHEEM KEESH #90-B-0548 is the Plaintiff herein, imprisoned at Shawangunk Correctional Facility, P.O. Box 700, Wallkill, NY 12589.

B. Defendant GLENN S. GOORD is the Commissioner of the Department of Correctional Services (hereinafter "DOCS"). His office is at: 1220 Washington Avenue, The Harriman State Campus, Albany, NY 12226-2050.

C. Defendant DONALD SELSKY is the Director, Special Housing Unit, DOCS. His office is at: 1220 Washington Avenue, The Harriman State Campus, Albany, NY 12226-2050.

D. Defendant T. SCHOELLKOPT is a Commissioner's Hearing Officer (hereinafter "H.O.") within DOCS. His office is at: 1220 Washington Avenue, The Harriman State Campus, Albany, NY 12226-2050.

E. Defendant THOMAS G. EAGEN is the Director of the Inmate Grievance Program within DOCS. His office is at: 1220 Washington Avenue, The Harriman State Campus, Albany, NY 12226-2050.

F. Defendant GEORGE E. PATAKI is the Governor of New York State. His office is at: Executive Chambers, The Capitol, Albany, NY 12224.

G. Defendant EDWARD R. DONNELLY is the Superintendent of Wende Correctional Facility (hereinafter "Wende"). His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

H. Defendant EKPE D. EKPE is the First Deputy Superintendent (hereinafter "DS1") of Wende. His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

I. Defendant GIRARD MONAHAN is the Deputy Superintendent of Security at Wende. His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

J. Defendant MARTIN KEARNEY is a Captain at Wende. His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

K. Defendant EDWIN MENDEZ is a prison guard at Wende. His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

L. Defendant J. BALL is a prison guard at Wende. His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

M. Defendant D. HATFIELD is a prison guard at Wende. His address is: 3622 Wende Road, P.O. Box 1187, Alden, NY 14004.

N. Defendant KEN KIELISZEK is the Inmate Grievance Supervisor at Wende. His address is: 3622 Wende Road, P.O. Box, Alden, NY 14004.

O. Defendant FRANK J. CLARK is the District Attorney in the County of Erie. His address is: 25 Delaware Avenue, Buffalo, NY 14002.

P. Defendant(s) JOHN/JANE DOE(s) is/are part of the Central Office Review Committee (CORC) that allegedly review grievance appeals throughout DOCS. Their address is: 1220 Washington Avenue, The Harriman State Campus, Albany, NY 12226-2050.

Q. Each defendant acted under the color of state law.

R. Each defendant is being sued in their individual and official capacity.

IV. STATEMENT OF CLAIM

Retaliation and deprived of 1st Amendment:

A. I was informed about an incident that occurred at Wende on March 23, 2001 where a prisoner named Christopher Simpson was attacked by Wende officials.

B. Due to seeing several officials brag about Mr. Simpson being attacked, I wrote many complaints to outside agencies, including defendant CLARK.

C. As a result of writing the complaints I was threatened by HERDZIK, he interrogated me under stressful and coercive conditions against my will.

D. HERDZIK told me to mind my business, I could get hurt real bad, that he was going to have my typewriter and other personal property taken for me writing the letters.

E. On the morning of 3-30-01 when going to B-Block recreation I was sexually assaulted, interrogated by four guards for my writing the letters and they sought to provoke a physical confrontation with me.

F. During this same day, approximately 5:10p.m. to 7:25p.m. HATFIELD and BALL came to my cell location, read my legal, religious & personal material, then confiscated my bow-ties (part of my religious garb), typewriter, 50 stamps, poetry written by me, an immersion heater and grievances written against other officials.

G. HATFIELD and BALL informed me that KEARNEY had them do this because I was writing complaints.

H. DONNELLY, KEARNEY, HERDZIK, BALL and HATFIELD informed

me that my legal papers were confiscated due to me filing civil actions against DOCS employees.

I. Upon information and belief, CLARK (and DOES) had my typewriter confiscated due to me writing a complaint about the incident where prisoner Simpson was assaulted by officials.

J. Upon information and belief, CLARK had my cell frisked and my typewriter confiscated as a pretext for a criminal investigation although no search warrant was ever issued.

K. Due to the confiscation of my typewriter I was deprived of sending letters to family, friends, law offices and Courts.

L. Due to the confiscation of my property I was denied access to the Courts (causing me to receive unfavorable Court decisions), denied practice of my religion, freedom of speech with family and friends and use of my typewriter.

M. On 4-2-01 I filed a harassment grievance (#WDE-15704/01) on these issues.

N. On 4-26-01 this grievance was reviewed by EKPE of which he refused to do anything.

O. On 5-2-01 I appealed this lack of action and on 6-6-01 DOE(s) & EAGEN denied my grievance.

P. Around April, 2001 I ran for the Grievance Election in accordance with Directive #4040.

Q. KIELISZEK informed me that DONNELLY, MONAHAN, EKPE, KEARNEY and HERDZIK told him to make sure I did not win the election so he would have to destroy my votes.

R. Upon information and belief, I legitimately won the grievance election but the KIELISZEK destroyed my votes causing

me to lose the election.

Retaliation, Assault, Keeplock:

S. On 4-11-01, approximately 8:00am, in the presence of three other prisoners, while in the hallway, I complained to EKPE about the treatment I was receiving by officials due to me exercising my First Amendment. See ante IV(A-L).

T. EKPE immediately begin yelling profanity and vulgarity at me, calling me "a piece of shit," an "asshole" and that I was talking "shit."

U. The whole time EKPE was hostile and with violent, assaultive mannerism, in my face, all in view of a video camera, then he stormed off and told a guard Simmons to keeplock me.

V. While I was being escorted to the Housing Block EKPE again came on the scene with a gang of prison guards, had them surround me with sticks, he yelled obscenities at me, enticed the guards to attack me by telling them I complained on behalf of a prisoner who attacked their co-workers and had them hospitalized.

W. EKPE and officials went on to conspire as to what they would keeplock me for, then they refused to provide me with my meal.

X. As a result, I wrote an harassment grievance (WDE-15705-01) on this matter.

Y. DONNELLY informed me that he agreed with the treatment I recieved and refused to conduct an investigation.

Z. Due to DONNELLY's lack of inaction I appealed my grievance (WDE-15705-01), DOE(s) and EAGEN reviewed my appeal

and refused to do anything about this treatment.

Extortion:

2a. On 6-17-01 I filed a grievance (WDE-15913-01) due to the prison authorities extorting my money.

2b. HERDZIK stated to me that if I didn't complain about the Simpson incident I would not have had to worry about my money being taken.

2c. On 7-17-01 DOE(s) reviewed my appeal and agreed with this determination.

Retaliation, Misbehavior Report, Confinement:

2d. On 5-30-01, approximately 9:30am, my cell location was frisked by MENDEZ.

2e. During this frisk MENDEZ told me that DONNELLY, MONAHAN, EKPE and KEARNEY was seeking to set me up with a fabricated Misbehavior Report (hereinafter "M.R.") for me exercising my First Amendment in writing grievances and complaints on the incident where prisoner Simpson was assaulted by officials.

2f. When the frisk begin MENDEZ immediately lifted up the mattress near the gate, an area where everyone who entered the gallery had access, and removed a can top attached to a toothbrush.

2g. As a result, MENDEZ wrote a M.R. against me for rule violation 113.10-weapon.

2h. According to DOCS rule 113.10, a can top attached to a toothbrush can not be classified as a weapon.

2i. Due to the M.R. I complained to GOORD, DONNELLY, the Buffalo Attorney General's Office, SCHOELLKOPT, PATAKI, MONAHAN

and EKPE, informing them of the facts surrounding the conspiracy against me in retaliation for me writing complaints and grievances, and I requested that the M.R. be dismissed and I be reinstated to the status I enjoyed prior to the M.R.

2j. I provided GOORD, DONNELLY, PATAKI, MONAHAN and EKPE with evidence showing there was no evidence to substantiate the M.R. charge against me, that the SCHOELLKOPT was not impartial, that I was denied a tier assistant, denied witnesses, deprived of presenting a defense, deprived of questioning my witnesses and that SCHOELLKOPT said his disposition against me was given to send a message to other prisoners.

2k. Each defendant I complained to had the authority to dismiss the M.R.

2l. DONNELLY informed me that he knew I never had a weapon but he was gonna make sure I suffer because I filed a civil action and complaints against him in the past.

2m. MONAHAN and EKPE informed me that they knew I was set up but they were going to make sure I suffered because I wrote complaints and grievances against officials for assaulting prisoner Simpson.

2n. I provided SCHOELLKOPT and GOORD with evidence that established I was retaliated against and the M.R. was retaliatory but SCHOELLKOPT told me that GOORD pressured him to find me guilty due to all the complaints and grievances I wrote against DOCS officials.

2o. SCHOELLKOPT even conversed with a non-witness (C.O. Grant) about my guilt prior to the completion of the hearing,

in my presence.

Zp. As a result of the M.R., on June 11, 2001 the H.O. gave me 180 days SHU confinement and loss of privileges.

Zq. SCHOELLKOPT informed me to prepare myself because GOORD, DONNELLY and SELSKY informed him that they were gonna make the SHU confinement as torturous as possible for me.

Zr. Due to receiving the SHU confinement I was denied attendance to a family picnic of which I paid for, denied participation in the family reunion program with my wife and denied the return of my money for a festival and photos I paid for that I was denied.

Zs. Also, I was denied food, medical attention, deprived of practicing my religion, forced daily to endure secondhand smoke, forced to go to recreation in chains that restricted the movement of my hands and feet, forced to provide DNA samples, forced to breach my medical confidentiality, and forced to drink unsanitary drinking water.

Zt. I filed an appeal with GOORD.

Zu. GOORD knew, from evidence I provided him on multiple occasions in past years, that SELSKY has a personal vendetta against me and SELSKY vowed to always affirm my appeals no matter the if my rights were violated.

Zv. GOORD designated SELSKY to review my appeal.

Zw. SELSKY affirmed my appeal.

Zx. As part of my penalty I was viciously attacked by officials prior to being transferred from Wende to Southport.

Zy. Also, due to the M.R. I was deprived of admission in

the Sign Language Class on 5-31-01 and subjected to unnecessary cost for having my property transferred to different prisons.

Zz. As the direct result of the defendants actions I have experienced mental health problems that I would not have experienced had it not been for the defendants' actions (i.e. I became sensitive to loud noises, I started seeing images that weren't really there; my perception of reality became distorted, I began to hallucinate and I became very paranoid.).

### V. RELIEF

A. Due to the defendants' actions I request to be awarded compensatory damages in the amount of two hundred thousand dollars ($200,000.00), and punitive damages from each defendant five times the amount of the compensatory damages they are required to pay, with cost for prosecuting this action and reasonable attorney fees. Also, that I be grant preliminary and thereafter permanent injunctive relief that I not be housed at Wende Correctional Facility for any reason in the future. And, Order that all material that was confiscated from me be returned to me.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2004.

*Tyheem Allah*
Tyheem Allah